IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IRIS A. SEMINARIO, *et al.*,

    Plaintiffs,

v.                                                                                          Civ. No. 22-331 KK/JHR

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

## ORDER DENYING MOTION TO BIFURCATE AND STAY

THIS MATTER is before the Court on Defendant State Farm Mutual Automobile Insurance Company's Motion to Bifurcate and Stay (Doc. 17), filed August 1, 2022. The Court, having reviewed the parties' submissions, the record, and the relevant law, being otherwise fully advised, and for the reasons set forth below, FINDS that the motion is not well taken at this time and should be DENIED WITHOUT PREJUDICE.

Plaintiffs Iris Seminario and Sally and Mickey Vancuren filed this action in the First Judicial District Court for the State of New Mexico on February 21, 2022. (Doc. 1-1.) In their complaint, Plaintiffs allege the following. On or about July 14, 2019, an underinsured motorist ("UIM") rear-ended Ms. Vancuren's vehicle while she was driving the vehicle and Ms. Seminario was a passenger in it, injuring Ms. Vancuren and Ms. Seminario. (Doc. 1-1 at 2.) At the time of the accident, Ms. and Mr. Vancuren were named insureds on an uninsured motorist/underinsured motorist policy issued by Defendant. (*Id.* at 2-3.) After settling with the UIM's carrier with Defendant's approval, Plaintiffs made claims for payment of UIM benefits under the policy at issue, but Defendant refused to promptly and reasonably settle their claims. (*Id.* at 3.)

In their complaint, Plaintiffs assert claims against Defendant for breach of insurance contract, insurance bad faith, intentional infliction of emotional distress, loss of consortium, violations of the New Mexico Unfair Insurance Practices Act and the New Mexico Unfair Trade Practices Act, negligent hiring, training, supervision, and retention, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing. (*See generally id.*) Defendant removed the case to federal court on May 2, 2022, and filed the motion presently before the Court on August 1, 2022. (Docs. 1, 17.) In its motion, Defendant asks the Court to stay and bifurcate the trial of Plaintiffs' extra-contractual claims until a jury determines the value of Plaintiffs' underlying UIM claims. (Doc. 17 at 1, 7.) Plaintiffs filed a response in opposition to the motion on August 15, 2022, and Defendant filed a reply in support of it on August 29, 2022. (Docs. 22, 24.)

Federal Rule of Civil Procedure 42, which governs bifurcation in federal civil actions, permits the Court to order a separate trial of any claim or issue "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The Court's discretion in deciding whether to sever issues for trial is "broad" and "considerable." *United States ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1283 (10th Cir. 2010) (quoting *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1285 (10th Cir. 1999)); *Angelo v. Armstrong World Indus.*, 11 F.3d 957, 964 (10th Cir. 1993). Some of the factors guiding that careful exercise of discretion include: judicial efficiency, judicial resources, and the likelihood that a single proceeding will unduly prejudice either party or confuse the jury. *York v. Am. Tel. & Tel. Co.*, 95 F.3d 948, 957-58 (10th Cir. 1996).

These factors counsel against granting Defendant's request to bifurcate and stay at this time. On the present record, Plaintiffs' extra-contractual claims appear closely related to and intertwined with, yet not necessarily and wholly contingent on a favorable determination of, the

value of their UIM claims. And the Court agrees with Plaintiffs that ordinarily a single trial is more efficient. *See United States v. Campanale*, 518 F.2d 352, 359 (9th Cir. 1975). Here, bifurcation has the potential to require the parties to engage in discovery twice, and to make inefficient use of judicial resources. Further, Defendant has not shown to the Court's satisfaction that a single proceeding would unduly prejudice Defendant or confuse the jury.

The Court recognizes that not all of the circumstances relevant to bifurcation are static. Thus, it is possible that at a later stage in these proceedings, the Court may be persuaded to phase the trial of this matter, for example, by permitting the parties to present evidence regarding Plaintiffs' extra-contractual claims to the jury, but only if that same jury first finds in Plaintiffs' favor on their contractual claims. As such, the Court's denial of Defendant's motion will be without prejudice to its ability to seek similar relief in the future based on new information or changed circumstances. Moreover, this Order does not preclude Defendant from asking the Court to phase discovery, nor does it preclude the Court from granting such relief if proper. However, in light of the record now before it, the Court concludes that bifurcation and stay of Plaintiffs' extra-contractual claims would significantly delay the litigation, would result in the discovery and presentation of duplicative evidence, and is not necessary to prevent unfair prejudice to Defendant.

IT IS THEREFORE ORDERED that Defendant State Farm Mutual Automobile Insurance Company's Motion to Bifurcate and Stay (Doc. 17) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent